# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANIMAL WELFARE INSTITUTE<br>900 Pennsylvania Ave., S.E.<br>Washington, D.C. 20003<br><br>            Plaintiff,<br><br>  v.<br><br>A GREENER WORLD<br>629 SW Black Butte Blvd.<br>Redmond, OR 97756<br><br>            Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114;**<br><br>**(2) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125;**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Animal Welfare Institute ("Plaintiff" or "AWI") hereby complains and alleges against A Greener World ("AGW" or "Defendant") as follows.

## THE PARTIES

1. Plaintiff AWI is a nonprofit corporation organized under the laws of the State of Delaware with its principal place of business at 900 Pennsylvania Avenue, S.E., Washington, D.C. 20003. AWI is the owner of the marks ANIMAL WELFARE APPROVED and ANIMAL WELFARE APPROVED & Design (the "AWI Certification Marks").

2. Defendant AGW is a nonprofit corporation organized under the laws of Oregon with its principal place of business at 629 SW Black Butte Boulevard, Redmond, OR 97756. On information and belief, AGW is using the mark ANIMAL WELFARE APPROVED (the "ANIMAL WELFARE APPROVED Mark"), and variations thereof, in connection with the administration of a humane farming certification program and various goods and services ancillary thereto.

## JURISDICTION AND VENUE

3. This action is filed under the United States Trademark Act of July 5, 1946, as amended, 15 U.S.C. § 1501 *et seq.* (the "Lanham Act").

4. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338.

5. Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendant because (i) Defendant conducts business within the District of Columbia and this judicial district; (ii) Defendant has caused its goods, services, and certification program to be advertised, promoted, and sold under the ANIMAL WELFARE APPROVED Mark in the District of Columbia and this judicial district; (iii) the causes of action asserted in this Complaint arise out of Defendant's contacts with the District of Columbia and this judicial district; and (iv) Defendant has caused tortious injury to Plaintiff in the District of Columbia and this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because (i) Defendant conducts business within the District of Columbia and this judicial district; (ii) Defendant has caused its goods, services, and certification program to be advertised, promoted, and sold under the ANIMAL WELFARE APPROVED Mark in the District of Columbia and this judicial district; (iii) the causes of action asserted in this Complaint arise out of Defendant's contacts with the District of Columbia and this judicial district; and (iv) Defendant has caused tortious injury to Plaintiff in the District of Columbia and this judicial district.

## FACTUAL BACKGROUND

### ANIMAL WELFARE INSTITUTE AND THE AWI CERTIFICATION MARKS

7. Since its founding in the early 1950s, AWI has been dedicated to the humane treatment of animals on the farm, during transport, and at slaughter. In 1988, AWI developed its first set of pig husbandry standards, and in 1989, AWI obtained the first USDA-approved label for pork from pigs raised to a high welfare standard.

8. In 2006, AWI named its successful and growing program "Animal Welfare Approved," and developed a certification program under the mark ANIMAL WELFARE APPROVED & Design (the "AWI Logo").



The certification program sets standards for the humane treatment of animals that farmers and slaughterhouses must meet (the "AWI Program"), which, if met and approved by AWI, enables farmers to use the AWI Logo on poultry, beef, dairy, and other goods. Accordingly, when consumers see the AWI Logo on foodstuffs, they are assured that no animals were mistreated in bringing such goods to market.

9. Since the launch of the AWI Program, AWI has devoted substantial time, effort, and resources to developing and promoting the AWI Program and the AWI Certification Marks in interstate commerce. Today, the AWI Logo remains the only USDA-approved third-party certification label that supports and promotes family farmers who raise their animals with the highest welfare standards, outdoors, on pasture or range.

10. As a result of AWI's efforts, and the widespread recognition thereof, the public has come to recognize and rely upon the AWI Certification Marks as indications of high quality animal welfare standards in keeping with AWI's mission. Accordingly, the AWI Certification Marks enjoy substantial trust and goodwill in the marketplace and are valuable assets of Plaintiff.

11. On September 23, 2008, the United States Patent & Trademark Office ("PTO") issued U.S. Trademark Registration No. 3,503,492, for the AWI Logo in connection with "meat, poultry and eggs derived from family farms conforming to animal welfare standards developed by a non-profit organization" (the "AWI Registration"), which is owned by AWI. A true and correct copy of the AWI Registration certificate is attached hereto as Exhibit A.

12. The AWI Registration is in full force and effect on the PTO's Principal Register and gives rise to presumptions in favor of AWI with respect to validity, ownership, and exclusive rights to use the AWI Logo throughout the United States.

13. AWI filed affidavits under Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and the AWI Registration is incontestable.

14. The AWI Logo is now available for use by approximately 461 farms and 155 slaughterhouses across the United States and in other jurisdictions that are believed to be in compliance with set criteria.

15. In addition to AWI's own promotion efforts, the AWI Program has been the subject of significant unsolicited attention from third party media. For example, the quality of the AWI Program has been recognized by prominent media outlets such as *The New York Times*, *Consumer Reports*, and the *Wall Street Journal*. The AWI Program has also been recognized by renowned personalities including Willie Nelson, Robert Kennedy, and Rosemary Harris. Additionally, the AWI Program was awarded "Institution of the Year" at the Carolina Farm stewardship association's 31st sustainable agricultural conference in November 2016.

16. As a result of AWI's widespread and exclusive use of the AWI Certification Marks in the United States, extensive promotion of the AWI Program, and substantial unsolicited media coverage, among other factors, the AWI Certification Marks are well-known in the marketplace.

## AGW'S INFRINGING USE OF THE AWI MARKS

17. Third-party Trust for Conversation Innovation ("TCI") is a non-profit engaged in helping environmental leaders fulfill their visions by providing nonprofit status and fiscal sponsorship services for innovative conservation projects.

18. On October 31, 2014, AWI entered into a License Agreement (the "Agreement") with TCI, whereby AWI licensed its AWI Certification Marks and the domain name <www.animalwelfareapproved.org> to TCI. In conjunction with the Agreement, AWI also transferred certain assets to TCI with the intention of having TCI administer the AWI Program. Additionally, the license agreement permitted AWI to designate a representative "to serve as a member of the 'Animal Welfare Approved' Certification Advisory Board (or comparable body) that oversees on behalf of Licensee the continued business and operations of Licensee's 'Animal Welfare Approved' Certification Services."

19. On information and belief, AGW was initially formed as a project at TCI by Andrew Gunther, the project's director (the "AGW Project"). The AGW Project was focused on promoting environmentally friendly and humane agricultural practices. AWI is informed and believes, and on that basis alleges, that on November 1, 2014, the AGW Project began administering a humane farming certification program under the AWI Certification Marks pursuant to the license conferred to TCI by the Agreement.

20. On information and belief, on or about August 31, 2015, Mr. Gunther incorporated AGW as an Oregon non-profit. AWI is informed and believes, and on that basis alleges, that Mr. Gunther continued to operate AGW and the certification program under the AWI Certification Marks as a project within TCI.

21. On April 15, 2016, AWI received a memorandum from TCI, co-authored by Mr. Gunther, in which Mr. Gunther expressed a desire to obtain ownership over the AWI Certification Marks. Notably, the memorandum acknowledged that the AGW Project was using the AWI Certification Marks pursuant to the Agreement. The memorandum further acknowledged AWI's ongoing control over the quality of the certification program administered under the AWI Certification Marks. A true and correct copy of this memorandum is attached hereto as Exhibit B.

22. On or about October 5, 2016, AWI was informed by AGW that it planned to separate the AGW Project from TCI and administer the AGW Project independently. AGW once again requested that AWI grant it the right to continue using the AWI Certification Marks.

23. On or about October 19, 2016, AGW reiterated to AWI its desire to continue using the AWI Certification Marks. AGW proposed that AWI decide upon one of three courses of action: (1) transfer the AWI Certification Marks to AGW; (2) grant AGW an unrestricted 100-year license to use the AWI Certification Marks; or, (3) have AGW discontinue use of the AWI Certification Marks and proceed with a rebrand.

24. On or about October 25, 2016, AWI informed AGW by letter that AWI desired for AGW to discontinue its use of the AWI Certification Marks. AWI advised AGW that it was

not licensed or otherwise authorized to use the AWI Certification Marks in place of TCI and would need to discontinue all use of the AWI Marks. AWI reiterated this information to AGW by email on or about November 4, 2016.

25. On information and belief, on or about October 31, 2016, TCI terminated all independent contractors and staff from AGW and ceased certifying farms with the AWI Logo, thus triggering a 60-day period until termination of the Agreement.

26. On or about December 6, 2016, AGW informed AWI that it had announced, both to the farms with whom it partners, and on a "Frequently Asked Questions" section on its website, that it would change the name for its certification services from "ANIMAL WELFARE APPROVED" to the highly similar mark "CERTIFIED AWA," with "AWA" serving as an acronym for "ANIMAL WELFARE APPROVED." On information and belief, AGW told their farmers that there were no other changes to the program, thereby failing to advise them that AWI no longer had a seat on the advisory board for the program.

27. On or about December 20, 2016, AWI served AGW with a letter demanding that AGW cease all use of the AWI Certification Marks as well as any confusingly similar marks, including the marks CERTIFIED AWA and AWA.

28. On December 31, 2016, the Agreement terminated.

29. Between November 1, 2014 and December 31, 2016, all use of the AWI Certification Marks by TCI and AGW inured to the benefit of AWI.

30. AWI is informed and believes, and on that basis alleges, that AGW continued to use the ANIMAL WELFARE APPROVED Mark, and the confusingly similar marks AWA, CERTIFIED AWA, and variations thereof (the "AGW Marks") after December 31, 2016.

31. On January 26, 2017, AGW issued an announcement on its website, located at <www.animalwelfareapproved.us>, that because AGW was no longer authorized to use the AWI Certification Mark, AGW had adopted the following logo for its certification program:



32. On or about April 14, 2017, AWI sent a second demand letter reiterating AWI's objection to AGW's use of the AGW Certification Marks and demanding that AGW promptly cease all use of the ANIMAL WELFARE APPROVED Mark and the AGW Marks.

33. AWI is informed and believes, and on that basis alleges, that AGW has again continued to ignore AWI's demand that it discontinue use of the AGW Marks.

34. For example, the AGW website continues to promote AGW's certification program under the ANIMAL WELFARE APPROVED Mark, as well as a certification label incorporating the ANIMAL WELFARE APPROVED Mark that is highly similar to the AWI Logo (the "AGW Logo").



35. Additionally, AGW continues to sell various goods displaying the ANIMAL WELFARE APPROVED Mark, the AGW Marks, and the AGW Logo as secondary source

indicators, as shown below:



36. AGW's use of the ANIMAL WELFARE APPROVED Mark, the AGW Marks, and AGW Logo in connection with the administration of a humane farming certification program, and as secondary source indicators in connection with miscellaneous goods, is likely to cause confusion in the marketplace, and thereby infringes AWI's valuable rights in the AWI Certification Marks.

37. AGW's use of the ANIMAL WELFARE APPROVED Mark, the AGW Marks, and AGW Logo creates a false suggestion of affiliation or connection between AGW and AWI.

38. AWI is not affiliated with AGW or the certification process and various goods that AGW offers in the United States.

39. AWI has not consented to, sponsored, endorsed, or approved of AGW's use of the ANIMAL WELFARE APPROVED Mark, the AGW Marks, or AGW Logo in connection with the certification, marketing, or sale of any products or services.

40. On information and belief, AGW's actions are willful and reflect an intent to

confuse consumers and profit from the goodwill and consumer recognition associated with AWI and its AWI Certification Marks.

## FIRST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

41. AWI realleges and incorporates herein by this reference paragraphs 1 through 40 of this Complaint as if fully set forth here.

42. The AWI Logo is an inherently distinctive, strong, valid, and protectable trademark owned by AWI.

43. Without AWI's consent, AGW has marketed and rendered certifications services under the ANIMAL WELFARE APPROVED Mark and the confusingly similar AGW Marks and AGW Logo.

44. AGW's use of the ANIMAL WELFARE APPROVED Mark, the AGW Marks, and AGW Logo have caused and are likely to cause confusion, mistake, and deception among ordinary consumers as to the affiliation, connection, or association of AGW with AWI, as to the source of AGW's goods and services, and as to the sponsorship or approval of AGW or AGW's services by AWI.

45. AWI has no control over the nature and quality of the certification services and various goods offered by AGW, and AWI's reputation and goodwill will be damaged and the value of the registered AWI Logo jeopardized by AGW's continued use of the ANIMAL WELFARE APPROVED Mark, the AGW Marks, and AGW Logo. Because of the likelihood of confusion between the parties' marks, defects, objections, or faults found with AGW's certification program administered under the ANIMAL WELFARE APPROVED Mark, the AGW Marks, and AGW Logo could negatively reflect upon and injure the reputation that AWI has established for the certification programs it administers in connection with the registered AWI Logo. Further, because AGW's policies are not consistently aligned with AWI's, AGW's unauthorized use of the ANIMAL WELFARE APPROVED Mark, the AGW Marks, and the AGW Logo will likely mislead consumers into mistakenly believing that products certified by

AGW with any of the above-mentioned marks are certified according to standards consistent with policies supported by AWI. As such, AGW is liable to AWI for infringement of a registered mark under 15 U.S.C. §1114.

46. AWI has been, and will continue to be, damaged and irreparably harmed by Defendant's actions, which will continue unless this Court enjoins Defendant. AWI has no adequate remedy at law because the amount of harm to AWI's business and reputation and the diminution of the goodwill of the AWI Logo and marks including or incorporating the AWI Logo are difficult to ascertain with specificity. AWI is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## SECOND CAUSE OF ACTION

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125

47. AWI realleges and incorporates herein by this reference paragraphs 1 through 46 of this Complaint as if fully set forth here.

48. AGW has used in commerce and without AWI's authorization or consent the ANIMAL WELFARE APPROVED word mark in connection with its humane farming certification program, which is identical to AWI's common-law ANIMAL WELFARE APPROVED mark in appearance, sound, meaning, and commercial impression.

49. AGW's actions as described herein are likely to cause confusion and deception among the consuming public and are likely to lead the consuming public to believe that AWI has authorized, approved, or somehow sponsored AGW's use of the ANIMAL WELFARE APPROVED trademark.

50. The aforesaid wrongful acts of AGW constitutes the use of a false designation of origin and false description or representation, all in violation of 15 U.S.C. § 1125(a).

51. AGW's false designation of origin through use of the ANIMAL WELFARE APPROVED mark has caused, and if not enjoined will continue to cause, irreparable and continuing harm to AWI's AWI Certification Marks, business, reputation, and good will, for

which Plaintiffs have no adequate remedy at law. AWI is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## CLAIM FOR RELIEF

WHEREFORE, AWI respectfully requests the following relief:

A. That AWI be granted preliminary and permanent injunctive relief under 15 U.S.C. § 1051 *et seq.*, specifically, that Defendant and all of its officers, agents, servants, representatives, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and all other persons acting in concert with it, be preliminarily and permanently enjoined from: (i) using the AWI Certification Marks, or any confusingly similar mark including the AGW Marks, in connection with the marketing, promotion, advertising, sale, or distribution of any goods or services related to humane farming; (ii) using any false designation of origin or any false description that can, or is likely to, mislead the public, or individual members thereof, to believe that any good or service offered or advertised by AGW is in any manner associated with or approved or sponsored by AWI; and (iii) any other infringing or misleading conduct discovered during the course of this action;

B. That AGW files, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which AGW has complied with the terms of the injunction;

C. That AGW is adjudged to have violated 15 U.S.C. § 1114 by infringing the AWI Logo;

D. That AGW is adjudged to have violated 15 U.S.C. § 1125(a) for unfairly competing against AWI by using a false designation of origin for AGW's infringing goods and services;

E. That AWI be granted such further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, AWI hereby respectfully demands a trial by jury of all issues triable of right by a jury.

Dated:  August 7, 2017					Respectfully submitted,


							By: */s/ Brendan J. Hughes*
							Brendan J. Hughes (DC Bar. No. 497332)
							Judd Lauter (DC Bar No. 1021994)
							COOLEY LLP
							1299 Pennsylvania Avenue N.W., Ste. 700
							Washington, D.C. 20004
							Telephone: (202) 842-7800
							Facsimile: (202) 842-7899


							*Counsel for Plaintiff Animal Welfare Institute*